21-2240-bk

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand twenty-two.

PRESENT:

> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> *Circuit Judges*,
> MARY KAY VYSKOCIL,*
> *District Judge.*

———————————————————————

IN RE: NTS W. USA CORP.,

> *Debtor*.

———————————————————————

NTS W. USA CORP.,

> *Debtor-Appellant*,

v.                                                                       No. 21-2240

605 FIFTH AVENUE PROPERTY OWNER, LLC,

> *Appellee.†*

———————————————————————

---

* Judge Mary Kay Vyskocil, of the United States District Court for the Southern District of New York, sitting by designation.

† The Clerk of Court is respectfully directed to amend the caption as reflected above.

**FOR DEBTOR-APPELLANT:**  JAMES H. HULME, ArentFox Schiff LLP, Washington, DC.

**FOR APPELLEE:**  JAY B. SOLOMON, Belkin Burden Goldman, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

NTS W. USA Corp. ("DUSA") appeals from a judgment of the district court affirming the bankruptcy court's dismissal of DUSA's adversary complaint against 605 Fifth Property Owner, LLC (the "Landlord"). On appeal, DUSA argues that due to the COVID-19 pandemic and the government-ordered restrictions on retail businesses, its rental obligations to the Landlord were excused or abated pursuant to New York's doctrines of frustration of purpose and impossibility. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

DUSA distributes clothing, accessories, and other fashion products through retail and wholesale channels in the United States. On January 17, 2020, DUSA

2

executed a three-year commercial lease (the "Lease") for retail space at 605 Fifth Avenue in Manhattan (the "Property"). Under the Lease, the parties agreed that the Landlord would deliver the Property to DUSA "on or about May 1, 2020, and in no event earlier than April 1, 2020," with DUSA's obligation to pay rent waived for the first sixty days. App'x at 71–72.

Like many commercial leases, the Lease contemplated events that could impair DUSA's use and enjoyment of the Property. Pertinently, section 5.05 of the Lease – titled "Interruption of Access, Use[,] or Services" – contemplated that "natural occurrences," changes to "Applicable Law," or "any other condition beyond Landlord's reasonable control" could prevent DUSA from accessing or using the Property. *Id.* at 106–07. In such cases, the Lease expressly preserved DUSA's obligation to pay rent.

In March 2020, the spread of COVID-19 prompted then–New York Governor Andrew Cuomo to issue a series of executive orders that shuttered all non-essential in-person businesses in the state. On March 25, while these shutdown orders were in effect, the Landlord advised DUSA of its intent to deliver the Property on April 1. DUSA responded with a letter that declined to accept

3

delivery, citing the pandemic-related restrictions that prohibited it from operating its retail business.

In June 2020, the Governor issued a new set of Executive Orders that permitted retail stores to re-open, albeit with certain COVID-19 safety protocols in place. Notwithstanding these orders, DUSA still refused to assume occupancy, and, when the sixty-day free-rent period ended, DUSA defaulted on its rental obligations. Shortly thereafter, DUSA filed for bankruptcy. During the bankruptcy proceeding, DUSA brought this action against the Landlord seeking, among other relief, a declaratory judgment that, due to the pandemic and resulting government shutdown orders, its obligation to pay rent under the Lease was excused or abated pursuant to New York's doctrines of frustration of purpose and impossibility. The bankruptcy court disagreed, concluding that neither doctrine applied because the Lease contemplated events, like the pandemic, that could impact DUSA's ability to access or use the Property. The district court affirmed.

"A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court." *In re Duplan Corp.*, 212 F.3d 144, 151 (2d Cir. 2000). We review a bankruptcy court's findings of fact

4

for clear error and its legal conclusions, including its interpretation of a contract, de novo. *In re Kalikow*, 602 F.3d 82, 91 (2d Cir. 2010).

Under the frustration-of-purpose doctrine, a defendant may be excused from a contractual obligation when "a virtually cataclysmic, wholly unforeseeable event renders the contract valueless to one party." *United States v. Gen. Douglas MacArthur Senior Vill., Inc.*, 508 F.2d 377, 381 (2d Cir. 1974). In such cases, "performance by party *X*," though possible, "would no longer give party *Y* what induced him to make the bargain in the first place. Thus frustrated, *Y* may rescind the contract." *Id.* But the doctrine "is not available where the event which prevented performance was foreseeable and provision could have been made for its occurrence." *Rebell v. Trask*, 632 N.Y.S.2d 624, 627 (2d Dep't 1995) (citing *407 E. 61st Garage, Inc. v. Savoy Fifth Ave. Corp.*, 23 N.Y.2d 275, 282 (1968)).

Impossibility, on the other hand, excuses a defendant from a contractual obligation when performance is impossible due to "the destruction of the means of performance by an act of God, *vis major*, or by law." *Savoy*, 23 N.Y.2d at 281. Economic hardship, even to the brink of insolvency, does not excuse performance. *Id.* at 282. To establish impossibility, the inability to perform must arise from "an

unanticipated event that could not have been foreseen or guarded against in the contract." *Kel Kim Corp. v. Cent. Mkts., Inc.*, 70 N.Y.2d 900, 902 (1987).

DUSA's frustration-of-purpose and impossibility claims fail for the same reason: the terms of the Lease allocated the risk of events like the COVID-19 pandemic and ensuing government shutdown orders to DUSA. Under section 5.05 of the Lease, DUSA had an obligation to pay rent even if a "condition beyond Landlord's reasonable control" interfered with its use and enjoyment of the Property. App'x at 107. Surely, the COVID-19 pandemic and the related government shutdown orders fall into this category. In fact, we recently interpreted a nearly identical contractual provision – addressing "circumstances beyond our or your reasonable control" – to encompass "the COVID-19 pandemic and the orders issued by New York's governor that restricted how nonessential businesses could conduct their affairs during the pandemic." *JN Contemp. Art LLC v. Phillips Auctioneers LLC*, 29 F.4th 118, 123–24 (2d Cir. 2022). We see no reason to depart from that interpretation here. Furthermore, the Lease required DUSA to pay rent even if "natural occurrences" or changes to "Applicable Law" interfered with its use of the Property. App'x at 70, 107. We find that the

6

COVID-19 virus and the resulting government shutdown orders fit squarely into these categories as well.

DUSA argues repeatedly that the facts of this case are "unique" because COVID-19 arrived in the United States after the Lease was signed, but before the Landlord delivered the Property. Perhaps. But DUSA fails to explain why this timing should eclipse the "plain meaning" of the Lease, which, as explained above, unmistakably requires DUSA to pay rent in such circumstances. *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (internal quotation marks omitted). Because we must "give effect to the expressed intentions of the parties," the doctrines of frustration of purpose and impossibility are inapplicable here. *Rothenberg v. Lincoln Farm Camp, Inc.*, 755 F.2d 1017, 1019 (2d Cir. 1985).

We have considered DUSA's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court